In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00239-CR**
_____

**BRIAN KENNETH MANUEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 16-23989**

**MEMORANDUM OPINION**

Brian Kenneth Manuel appeals from a judgment convicting him of unlawfully possessing a firearm. *See* Tex. Penal Code Ann. § 46.04(a)(1) (West 2011) (prohibiting a person who has been convicted of a felony from possessing a firearm for a period of five years from the felon's release from community supervision, parole, or mandatory supervision, whichever is later). After Manuel appealed his conviction, the attorney the trial court appointed to represent Manuel in his appeal

filed an *Anders* brief, which states that the attorney reviewed the trial proceedings and could find no meritorious claims on which he could present an argument claiming that Manuel's conviction should be reversed. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

The record relevant to Manuel's conviction shows that in 2016, following a two-day trial, the jury found Manuel guilty of the unlawful possession of a firearm. *See* Tex. Penal Code Ann. § 46.04(a)(1). Following the punishment phase of Manuel's trial, the jury assessed a nine-year sentence. The trial court's judgment is consistent with the jury's verdict. Subsequently, Manuel filed a timely notice of appeal.

The brief filed by Manuel's court appointed attorney presents counsel's professional evaluation of the record that is relevant to Manuel's conviction. After evaluating the record of the proceedings in the trial court, Manuel's attorney filed a brief that concludes no error occurred in the lower court on which an attorney could base an appellate argument seeking to reverse Manuel's conviction.

After receiving the *Anders* brief filed by appellate counsel, we allowed Manuel additional time to review the record and the opportunity to file a pro se response. Subsequently, Manuel filed a response and a supplemental response. In these, Manuel complains the evidence is legally and factually insufficient to support

the jury's verdict, and he argues that the judgment that was rendered in his case should be reversed because he received ineffective assistance of counsel.

The clerk's record that is before us does not reflect that any post-judgment motions seeking to overturn the jury's verdict were filed. Generally, the records that are available in a defendant's direct appeal of his conviction are not sufficiently developed to allow an appellate court to address claims asserting that the appellant received ineffective assistance of counsel during his trial. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). In Manuel's case, Manuel's trial attorney was never given the opportunity to respond regarding the matters that Manuel criticizes in his pro se response and supplemental response. Consequently, the complaints Manuel makes about his trial counsel cannot be resolved on the record that is before us. *See Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (requiring the record to be developed in cases involving ineffective assistance claims in a manner affirmatively demonstrating that the claim has merit).

We have independently examined the clerk's record and the reporter's record, and we conclude there are no arguable issues that could be advanced to support the filing of a merits-based brief in Manuel's appeal. The Court of Criminal Appeals has held that when faced with an *Anders* brief, appellate courts need not address the merits of the issues that have been raised in a pro se response. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Instead, an appellate court may

3

determine either "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[,]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We have independently examined the clerk's record and the reporter's record, and we agree that no arguable error supporting reversal exists on the record currently before us in Manuel's appeal. *See id.* We further conclude that based on the record, Manuel's appeal is frivolous. *See Anders*, 386 U.S. at 743. Therefore, we further find that it is unnecessary to order the appointment of new counsel to re-brief Manuel's appeal. *Cf. Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring the court of appeals to appoint other counsel only if it determines that there were arguable grounds for the appeal). Given our conclusion that no arguable error exists to support Manuel's appeal, the trial court's judgment is affirmed.[1]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 15, 2017
Opinion Delivered January 10, 2018
Do Not Publish
Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1] Manuel may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

4